UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06-00019 |
| | ) | JUDGE CAMPBELL |
| WILLIAM DUNN, et al. | ) | |

MEMORANDUM AND ORDER

I. Introduction

The Court held a suppression hearing in this case on May 2, 2007. At the conclusion of hearing, the Court granted in part, and denied in part Defendant's Motion To Suppress (Docket No. 34), and took one issue under advisement: The admissibility of Defendant's statements about certain drug issues made during the October 30, 2006 videotaped interview in the absence of his lawyer (Docket No. 59). The parties have now filed supplemental briefs on the issue.

For the reasons set forth below, the Court GRANTS in part, and DENIES in part Defendant's request to suppress the statements made by the Defendant during the October 30, 2006 videotaped interview.

II. Factual Background

The record in this case indicates that the Defendant was indicted on April 10, 2006 in Putnam County, Tennessee for cocaine sales allegedly occurring on October 26 and 28, 2005 (Putnam County indictment, docket sheet and dismissal order attached to Supplemental Brief In Support of Defendant's Motion To Suppress (Docket No. 72)). The Defendant was arrested on that Indictment on April 24, 2006 (Id.; Criminal Complaint (Docket No. 1)). Defense counsel Jack Lowery represented the Defendant at a "waiver of arraignment" hearing in that case on May

16, 2006 (Id.)  At a subsequent hearing, on September 25, 2006, Mr. Lowery was permitted to withdraw, and the Defendant appeared with new counsel Samuel Harris (Id.)

On October 30, 2006, a Criminal Complaint was filed in this case (Docket No. 1), and the Defendant was arrested on the same date.  The videotaped interview of the Defendant by Agent Billy Miller of the Tennessee Bureau of Investigation and Detective Shane Higgenbotham of the Putnam County Sheriff's Department occurred after his arrest, at 6:05 p.m., at the Putnam County Sheriff's Department (Transcript of Suppression Hearing, at 135-148 (Docket No. 60); Exhibit 15).  Prior to the interview, the Defendant executed a waiver of rights form (Id.)

The Criminal Complaint in this case alleges that the Defendant attempted or conspired to violate federal drug trafficking laws, 21 U.S.C. §§ 841 and 846 between October, 2005 and October, 2006 (Docket No. 1).  The Defendant was indicted on November 29, 2006 on drug trafficking and murder for hire charges (Docket No. 22).  The state charges were subsequently dismissed on the State's motion that a *nolle prosequi* be entered (Attachment to Docket No. 72).

### III.  Analysis

Defendant argues that his statements made during the interview should be suppressed on both Sixth Amendment and Fifth Amendment grounds.  As the Supreme Court has explained, the protections afforded the Defendant by these constitutional provisions are not the same.  The Court has held that the Sixth Amendment guarantee of the assistance of counsel attaches at arraignment, which signals the initiation of adversary judicial proceedings against a defendant. Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631 (1986).  That guarantee applies thereafter at "critical stages" of the prosecution, including custodial

2

interrogation. Id., at 1408. "[I]f police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." Id., at 1411.

A defendant who has been indicted, but who has not yet requested counsel, however, may validly waive the presence of counsel at a subsequent interview. Patterson v. Illinois, 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988). Additionally, the Supreme Court has held that the Sixth Amendment guarantee is "offense specific," in that a defendant who has exercised his right to the assistance of counsel on one charge is not automatically considered to have invoked the right at a custodial interrogation about other charges. McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Consequently, the Court explained in McNeil, the fact that the defendant had requested the appointment of counsel on an armed robbery charge did not render invalid his waiver of his Fifth Amendment right to the assistance of counsel at a subsequent interrogation relating to a murder investigation. Id.

Although the Sixth Amendment right is "offense specific," the right attaches not only to charged offenses, but also to uncharged offenses that would be considered the "same offense" applying the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932), used in Double Jeopardy analysis. Texas v. Cobb, 532 U.S. 162, 121 S.Ct. 1335, 1343, 149 L.Ed.2d 321 (2001).

The Fifth Amendment right to the assistance of counsel, on the other hand, attaches to custodial interrogations initiated before or after indictment, and may validly be waived. McNeil, 111 S.Ct. at 2208. Once the right is invoked by a defendant, however, questioning must cease as

3

to any and all offenses until the defendant is provided with counsel. Id.

Applying these principles to this case, the Court concludes that the Defendant's Sixth Amendment right to counsel had attached and had been invoked as to the state drug charges at the time of the October 30, 2006 interrogation.[1]  Therefore, questioning relating to those drug offenses violated the Defendant's Sixth Amendment right to the assistance of counsel, and any statements made by the Defendant relating to those drug charges are inadmissible at trial.[2]

Questioning relating to the murder for hire charge did not violate the Sixth Amendment, however, as the Defendant had not yet invoked his right to the assistance of counsel on that charge.  As for Defendant's Fifth Amendment right to the assistance of counsel during questioning on the murder for hire charge, the Court finds that the Defendant validly waived that

---

[1] That the Defendant invoked his right to counsel in this case distinguishes it from the facts in Patterson, and the Government's argument to the contrary is without merit.  The significance of this distinction was made clear by the Court in a footnote to the opinion:

> We note as a matter of some significance that petitioner had not retained, or accepted by appointment, a lawyer to represent him at the time he was questioned by authorities.  Once an accused has a lawyer, a distinct set of constitutional safeguards aimed at preserving the sanctity of the attorney-client relationship takes effect. . . Indeed, the analysis changes markedly once an accused even *requests* the assistance of counsel. . .

108 S.Ct. 2393 n.3 (citations omitted).

[2] Although the Defendant has included a thorough analysis in his brief on the issue of whether the federal drug charges and the state drug charges are the "same offense" for purposes of the Court's Sixth Amendment analysis, the Government has not argued that the federal and state drug charges are not the same, and therefore, the Court need not address the issue. See, e.g., United States v. Knight, 2006 WL 1722199 (E.D. Mich. June 22, 2006); United States v. Bowlson, 240 F.Supp.2d 678, 681-85 (E.D. Mich. 2003).

4

right. Therefore, Defendant's statements relating to the murder for hire charge are admissible.[3]

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] As the Court found in a prior order, however, statements made in response to questions asked after the Defendant invoked his right to a lawyer during the October 30, 2006 videotaped interview are inadmissible. (Docket No. 59).